UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MICHEAL E. FRANKLIN,

    Petitioner,

  v.

JAMES WALKER, Acting Warden,

    Respondent.

NO. 2:05-cv-304 FCD KJM P

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on petitioner Michael E. Franklin's ("petitioner") motion for reconsideration of the discovery order of the magistrate judge,[1] filed December 15, 2009. In the order, the magistrate judge denied a discovery request for dynamic testing of a snowmobile in petitioner Michael Franklin's ("petitioner") writ of habeas corpus. Petitioner filed a motion for reconsideration on December 30,

---

[1] This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. section 636(b)(1)(B) and Eastern District Local Rule 72-302.

2009. Respondent James Walker ("Respondent") opposes the motion. For the reasons set forth below,[2] petitioner's motion for reconsideration is DENIED.

**BACKGROUND**

The court adopts the factual and procedural background set forth by the magistrate judge. (See Order, filed December 16, 2009, at 2-6.)

**STANDARD**

A magistrate judge may hear and determine discovery motions that are before the District Court. 28 U.S.C. § 636(b)(1)(A). Pursuant to E.D. Local Rule 72-303(f), a magistrate judge's non-dispositive order shall be upheld unless "clearly erroneous or contrary to law."

**ANALYSIS**

In his habeas petition, petitioner challenges his conviction for murder of his wife. Specifically, petitioner brings two claims: (1) that he was denied his sixth amendment right to present a complete defense; and (2) that counsel was constitutionally ineffective in failing to make an adequately supported motion for dynamic testing of the snowmobile involved in his wife's death. The magistrate judge denied petitioner's discovery request for dynamic testing on the grounds that had failed to show the requisite good cause to support the request.

Petitioner Franklin moves for reconsideration of the magistrate judge's denial of his discovery request. Petitioner claims that in denying discovery, the magistrate judge applied a

---

[2] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 230(g).

higher standard than required under Rule 6 of the Rules Governing Section 2254 cases ("Rule 6").  Specifically, petitioner argues that the magistrate judge required a showing of a prima facie case in order to permit discovery when Rule 6 requires only a showing that petitioner may be entitled to relief after the facts are developed.  Respondent contends that the magistrate judge applied the correct standard and properly concluded that the disallowance of petitioner's discovery request not prejudice petitioner.

"A party shall be entitled to invoke the processes of discovery under the Federal Rules of Civil Procedure if ... the judge in the exercise of his discretion and for good cause grants leave to do so."  Rules Governing 2254 Cases, Rule 6(a) 28 U.S.C. § 2254.  However, "a habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional litigant."  Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (citing Bracy v. Gramley, 520 U.S. 899, 903-05 (1997)).  "Rather, discovery is available only in the discretion of the court and for good cause shown."  Rich, 187 F.3d at 1068.  "Good cause" is established "where specific allegations before the court show reason to believe that petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  Bracy, 520 U.S. at 908-09.

As a threshold matter, the "essential elements" of all of the claims must be identified in order to evaluate whether the petitioner can demonstrate good cause.  Bracy, 520 U.S. at 904; United States v. Turner, 104 F.3d 1180, 1184 (9th Cir. 1997). In this case, both of petitioner's claims require a showing of

prejudice. First, to establish a claim for ineffective counsel, the facts petitioner hopes to develop must demonstrate that "there is a reasonable probability that the verdict would have been different." Kimmelman v. Morrison, 477 U.S. 365, 375 (1987). Similarly, to establish a claim that denial of a discovery request infringed on petitioner's rights to present a complete defense, he must establish, *inter alia*, that the exclusion of this evidence had a "substantial and injurious effect on the verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

In the order denying petitioner's discovery request, the magistrate judge concluded that petitioner failed to show that the absence of the discovery would have a substantial and injurious effect on the verdict. At petitioner's criminal trial, the prosecution claimed that petitioner killed his wife by staging a snowmobile accident. Part of the prosecution's theory was based on expert testimony providing that in snowmobile accidents, individuals generally fall off of the side of the snowmobile or go over the handlebars, while petitioner and his wife were found behind the snowmobile. At trial, petitioner presented the testimony of the Richard DeRosa ("DeRosa"), the builder of petitioner's custom snowmobile, to counter this claim. DeRosa testified how he built the snowmobile, how it differed from other snowmobiles, and how he thought the snowmobile performed on the day of the accident. He was also allowed to manipulate the snowmobile in front of the jury. DeRosa also testified that based on his technical knowledge, his familiarity with the snowmobile, and his

inspection of the machine after it was in police custody, it was his opinion the accident happened substantially as petitioner claimed it did: petitioner had fallen off of the back due to the specific design. However, despite this strong evidence, the jury found petitioner guilty. Petitioner claims that a video recreation of the accident would have "substantially greater weight" in refuting evidence against him than DeRosa's testimony did. However, the magistrate judge concluded that even though dynamic testing may have added to this testimony, petitioner failed to show that the absence of dynamic testing was substantial and injurious. In particular, the magistrate judge noted the strength of DeRosa's testimony as an expert who knew the particular snowmobile at issue better than anyone. As such, the magistrate judge found that petitioner failed to demonstrate that even if he was given access to the snowmobile for restoration and testing, he would be entitled to relief.

The court does not find the magistrate judge's conclusions clearly erroneous or contrary to law. As noted in the magistrate judge's order, because petitioner has asserted claims that require a showing of prejudice, in order to establish good cause for discovery, he must demonstrate that the absence of the evidence sought could have had a substantial and injurious effect on the verdict. See Brecht, 507 U.S. at 637. Simply stated, petitioner must show that he could prevail on his habeas claim if discovery reveals what he anticipates it will. The magistrate judge concluded that even assuming petitioner was allowed to restore, test, and videotape the snowmobile as requested and assuming the videotape depicts what petitioner

anticipates it will, petitioner could not show that the absence of such evidence had a substantial and injurious effect on the verdict in light of the other evidence adduced at trial. While petitioner claims that a "picture is worth a thousand words," he has failed to set forth any case law to support his position that the absence of cumulative evidence constitutes prejudice where a uniquely qualified expert has testified to the same effect. (Pet'r. Req. for Reconsideration, filed Dec. 30, 2009, at 3.) Accordingly, the court cannot conclude the magistrate judge's denial of petitioner's discovery request was clearly erroneous or contrary to law.

**CONCLUSION**

For the foregoing reasons, petitioner's request for reconsideration of the magistrate judge's order is DENIED.

IT IS SO ORDERED.

DATED: March 9, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE