1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                          ----oo0oo----

12

13   MICHEAL E. FRANKLIN,
                                    NO. 2:05-cv-304 FCD KJM P
14             Petitioner,

15        v.

16   JAMES WALKER, Acting Warden,      MEMORANDUM AND ORDER

17             Respondent.

18

19                          ----oo0oo----

20        This matter is before the court on petitioner Michael E.

21   Franklin's ("petitioner") motion for reconsideration of the

22   discovery order of the magistrate judge,[1] filed December 15,

23   2009.  In the order, the magistrate judge denied a discovery

24   request for dynamic testing of a snowmobile in petitioner

25   Michael Franklin's ("petitioner") writ of habeas corpus.

26   Petitioner filed a motion for reconsideration on December 30,

27   _____

28        [1]    This matter was referred to a United States magistrate
     judge pursuant to 28 U.S.C. section 636(b)(1)(B) and Eastern
     District Local Rule 72-302.

2009.  Respondent James Walker ("Respondent") opposes the
motion.  For the reasons set forth below,[2] petitioner's motion
for reconsideration is DENIED.

**BACKGROUND**

The court adopts the factual and procedural background set
forth by the magistrate judge.  (<u>See</u> Order, filed December 16,
2009, at 2-6.)

**STANDARD**

A magistrate judge may hear and determine discovery motions
that are before the District Court.  28 U.S.C. § 636(b)(1)(A).
Pursuant to E.D. Local Rule 72-303(f), a magistrate judge's non-
dispositive order shall be upheld unless "clearly erroneous or
contrary to law."

**ANALYSIS**

In his habeas petition, petitioner challenges his
conviction for murder of his wife.  Specifically, petitioner
brings two claims: (1) that he was denied his sixth amendment
right to present a complete defense; and (2) that counsel was
constitutionally ineffective in failing to make an adequately
supported motion for dynamic testing of the snowmobile involved
in his wife's death.  The magistrate judge denied petitioner's
discovery request for dynamic testing on the grounds that had
failed to show the requisite good cause to support the request.

Petitioner Franklin moves for reconsideration of the
magistrate judge's denial of his discovery request.  Petitioner
claims that in denying discovery, the magistrate judge applied a

---

[2]    Because oral argument will not be of material
assistance, the court orders the matter submitted on the briefs.
E.D. Cal. L. R. 230(g).

higher standard than required under Rule 6 of the Rules
Governing Section 2254 cases ("Rule 6").   Specifically,
petitioner argues that the magistrate judge required a showing
of a prima facie case in order to permit discovery when Rule 6
requires only a showing that petitioner may be entitled to
relief after the facts are developed.   Respondent contends that
the magistrate judge applied the correct standard and properly
concluded that the disallowance of petitioner's discovery
request not prejudice petitioner.

     "A party shall be entitled to invoke the processes of
discovery under the Federal Rules of Civil Procedure if ... the
judge in the exercise of his discretion and for good cause
grants leave to do so."   Rules Governing 2254 Cases, Rule 6(a)
28 U.S.C. § 2254.   However, "a habeas petitioner does not enjoy
the presumptive entitlement to discovery of a traditional
litigant."   Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir.
1999) (citing Bracy v. Gramley, 520 U.S. 899, 903-05 (1997)).
"Rather, discovery is available only in the discretion of the
court and for good cause shown."   Rich, 187 F.3d at 1068.   "Good
cause" is established "where specific allegations before the
court show reason to believe that petitioner may, if the facts
are fully developed, be able to demonstrate that he is . . .
entitled to relief."   Bracy, 520 U.S. at 908-09.

     As a threshold matter, the "essential elements" of all of
the claims must be identified in order to evaluate whether the
petitioner can demonstrate good cause.   Bracy, 520 U.S. at 904;
United States v. Turner, 104 F.3d 1180, 1184 (9th Cir. 1997).
In this case, both of petitioner's claims require a showing of

1   prejudice.  First, to establish a claim for ineffective counsel,

2   the facts petitioner hopes to develop must demonstrate that

3   "there is a reasonable probability that the verdict would have

4   been different."  Kimmelman v. Morrison, 477 U.S. 365, 375

5   (1987).  Similarly, to establish a claim that denial of a

6   discovery request infringed on petitioner's rights to present a

7   complete defense, he must establish, inter alia, that the

8   exclusion of this evidence had a "substantial and injurious

9   effect on the verdict."  Brecht v. Abrahamson, 507 U.S. 619, 637

10  (1993).

11      In the order denying petitioner's discovery request, the

12  magistrate judge concluded that petitioner failed to show that

13  the absence of the discovery would have a substantial and

14  injurious effect on the verdict.  At petitioner's criminal

15  trial, the prosecution claimed that petitioner killed his wife

16  by staging a snowmobile accident.  Part of the prosecution's

17  theory was based on expert testimony providing that in

18  snowmobile accidents, individuals generally fall off of the side

19  of the snowmobile or go over the handlebars, while petitioner

20  and his wife were found behind the snowmobile.   At trial,

21  petitioner presented the testimony of the Richard DeRosa

22  ("DeRosa"), the builder of petitioner's custom snowmobile, to

23  counter this claim.  DeRosa testified how he built the

24  snowmobile, how it differed from other snowmobiles, and how he

25  thought the snowmobile performed on the day of the accident.  He

26  was also allowed to manipulate the snowmobile in front of the

27  jury.  DeRosa also testified that based on his technical

28  knowledge, his familiarity with the snowmobile, and his

inspection of the machine after it was in police custody, it was
his opinion the accident happened substantially as petitioner
claimed it did: petitioner had fallen off of the back due to the
specific design.  However, despite this strong evidence, the
jury found petitioner guilty.  Petitioner claims that a video
recreation of the accident would have "substantially greater
weight" in refuting evidence against him than DeRosa's testimony
did.  However, the magistrate judge concluded that even though
dynamic testing may have added to this testimony, petitioner
failed to show that the absence of dynamic testing was
substantial and injurious.  In particular, the magistrate judge
noted the strength of DeRosa's testimony as an expert who knew
the particular snowmobile at issue better than anyone.  As such,
the magistrate judge found that petitioner failed to demonstrate
that even if he was given access to the snowmobile for
restoration and testing, he would be entitled to relief.

The court does not find the magistrate judge's conclusions
clearly erroneous or contrary to law.  As noted in the
magistrate judge's order, because petitioner has asserted claims
that require a showing of prejudice, in order to establish good
cause for discovery, he must demonstrate that the absence of the
evidence sought could have had a substantial and injurious
effect on the verdict.  See Brecht, 507 U.S. at 637.  Simply
stated, petitioner must show that he could prevail on his habeas
claim if discovery reveals what he anticipates it will.  The
magistrate judge concluded that even assuming petitioner was
allowed to restore, test, and videotape the snowmobile as
requested and assuming the videotape depicts what petitioner

anticipates it will, petitioner could not show that the absence of such evidence had a substantial and injurious effect on the verdict in light of the other evidence adduced at trial.  While petitioner claims that a "picture is worth a thousand words," he has failed to set forth any case law to support his position that the absence of cumulative evidence constitutes prejudice where a uniquely qualified expert has testified to the same effect.  (Pet'r. Req. for Reconsideration, filed Dec. 30, 2009, at 3.)  Accordingly, the court cannot conclude the magistrate judge's denial of petitioner's discovery request was clearly erroneous or contrary to law.

**CONCLUSION**

For the foregoing reasons, petitioner's request for reconsideration of the magistrate judge's order is DENIED.

IT IS SO ORDERED.

DATED:  March 9, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE