UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. FRANKLIN,

    Petitioner,

  v.

TIM VIRGA,

    Respondent.

No. 2:05-CV-0304 KJM

ORDER

        Respondent moves for reconsideration of the court's order granting in part and denying in part petitioner's motion for an evidentiary hearing. After considering the parties' pleadings, the court hereby DENIES the motion.

I. BACKGROUND

        Petitioner is a state prison inmate challenging a Plumas County conviction for the murder of his wife.

        Petitioner sought an evidentiary hearing on five of the twenty-two claims in his amended petition: the prosecutor used his peremptory challenges to remove men from the jury (claim four); multiple instances of jury misconduct deprived petitioner of a fair trial (claim six); trial counsel was ineffective by failing to object to the prosecutor's misleading chart or the prosecutor committed misconduct by using the chart (claim nine); counsel was ineffective by failing to undertake the necessary investigation to allow him adequately to cross-examine the

1

prosecution's biomechanical engineering expert (claim eleven); and petitioner was denied a fair trial because he was not permitted to conduct dynamic testing on the snowmobile (claim twelve).

This court granted the motion as to petitioner's claim that during trial Juror No. 3 told Mark Delizio he believed petitioner was guilty. ECF No. 109 at 28. It found the state court's factual resolution of this issue unreasonable under 28 U.S.C. § 2254(d)(2) because the state courts concluded Juror No. 3's declaration was more reliable than Delizio's without holding an evidentiary hearing and determined that petitioner had made a colorable claim of juror bias. ECF No. 109 at 24-25.

II. STANDARDS FOR A MOTION FOR RECONSIDERATION

"A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *McConnell v. Lassen Cnty.*, No. 2:05-cv-0909 FCD DAD, 2008 WL 4482853, at *2 (E.D. Cal. Oct. 3, 2008) ("Where reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter, or revoke it.'" (quoting *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000)). In addition, Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b); *Regents of Univ. of Calif. v. Bernzomatic*, No. 2:10-cv-1224 FCD GGH, 2011 WL 666912, at *2 (E.D. Cal. Feb. 11, 2011) (relying on Rule 54 in deciding whether to reconsider the denial of summary judgment). Reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *School Dist. No. 1J Multnomah Cnty. v. AC&S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).[1] A party should "not use a motion for reconsideration to raise arguments or present

---

[1] Petitioner takes respondent to task for citing Rule 59(e) of the Federal Rules of Civil Procedure, as that rule allows the court to alter or amend a judgment.   Although petitioner is

2

1  new evidence for the first time when it could reasonably have been raised earlier in the litigation,"

2  *id.*, nor should the party "ask the court to rethink matters already decided." *American Rivers v.*

3  *NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. Jul. 14, 2006) (citing

4  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003)).

5        Under Local Rule 230(j), the party moving for reconsideration must set forth:

6        (1) when and to what [j]udge . . . the prior motion was made;
         (2) what ruling ... was made thereon; (3) what new or different facts

7        or circumstances are claimed to exist which did not exist or were
         not shown upon such prior motion, or what other grounds exist for

8        the motion; and (4) why the facts or circumstances were not shown
         at the time of the prior motion.

9

10  L.R. 230(j). "To succeed, a party must set forth facts or law of a strongly convincing nature to

11  induce the court to reverse its prior decision." *Knight v. Rios*, No. 1:09–cv–00823–AWI–JLT

12  HC, 2010 WL 5200906, at *2 (E.D. Cal. Dec.15, 2010).

13  III. ANALYSIS

14        Respondent asks this court to reconsider its prior order because of the Supreme

15  Court's decision in *Marshall v. Rodgers*, ___ U.S. ___, 133 S. Ct. 1446 (2013), and because Juror

16  No. 3, Randall Lynn Beck, is deceased.  ECF No. 110.  He also argues that the evidentiary

17  hearing is not warranted under 28 U.S.C. § 2254(d)(2) because "the premise that a state court may

18  not make an evidentiary finding regarding conflicting evidence without holding a hearing is flatly

19  wrong," and argues the court erred in finding the juror misconduct claim colorable.  ECF No. 110

20  at 6.

21        Petitioner counters that *Marshall* does not change the law and is, in any event,

22  inapplicable, as it concerns § 2254(d)(1), not (d)(2).  He contends the court correctly found the

23  claim to be colorable and properly analyzed the applicable law under (d)(2).  Finally, he notes

24  /////

25  _____

26  correct, in practice the courts refer to Rule 59 cases when discussing the standard for Rule 54
    motions. *See, e.g., Drover v. LG Elecs. USA, Inc.*, No. 2:12–CV–510 JCM (VCF), 2013 WL

27  632103, at *1 (D. Nev. Feb. 19, 2013) (considering a motion to reconsider an interlocutory order
    and citing, among other things, *School Dist. No. IJ*, 5 F.3d 1255, a Rule 59(e) case); *see also*

28  *Cachil Dehe Band of Wintun Indians*, 649 F. Supp. 2d at 1069 (same).

1  that despite the death of Juror No. 3, other witnesses to the conversation are available.  ECF
2  No. 114.
3         In reply, respondent argues that this court is bound by the state court's purely legal
4  determination that even if Juror No. 3 had expressed a preliminary opinion on petitioner's guilt,
5  petitioner would not be entitled to relief because of the juror's assurance that "'he did not make
6  his final decision concerning guilt until jury deliberations.'"  ECF No. 115 at 8 (quoting Lodg.
7  Doc. 4 at 46-47).  He also argues that the trial court properly evaluated the credibility of the
8  competing declarations, rejecting Delizio's because he claimed Juror No. 3 had been introduced
9  to him as the jury foreman early in the proceedings, before the foreman would have been elected.
10 ECF No. 115 at 9.
11        Respondent presents nothing in the instant motion that is new or could not have
12 been raised when his initial briefing was filed.  First, the obituary for Juror No. 3 shows he died in
13 2010, before respondent filed his opposition to the motion.  Second, in his opposition, respondent
14 argued, as he does here, the claim of juror misconduct is not colorable.  Third, respondent did
15 argue generally that AEDPA's restrictions barred a hearing in this case; nothing prevented him
16 from presenting the more complete analysis of § 2254(d)(2) he now offers.  Fourth, even
17 assuming the standards under § 2254(d)(1) govern, *Marshall* does not apply in this case, as
18 explained below.  Although these are sufficient bases to deny the motion, the motion also fails on
19 the merits.
20       A. The Death of Juror No. 3
21        Respondent argues that any testimony from Delizio and his wife and Juror No. 3's
22 widow about Juror No. 3's comment would be inadmissible hearsay, rendering any hearing futile.
23 ECF No. 115 at 2.  At this point in the proceedings, the court need not resolve respondent's
24 single-sentence hearsay objection, but rather will wait to resolve any evidentiary disputes until
25 petitioner proffers evidence.  *See* FED. R. EVID. 803(3); *United States v. Wood,* 299 U.S. 123,
26 145-46 (1936) ("Impartiality is not a technical conception.  It is a state of mind").
27 /////
28 /////

4

B.  The Claim is Colorable

A habeas petitioner is entitled to an evidentiary hearing to develop the facts of a claim, subject to the restrictions of § 2254(d) & (e), "if he has presented a colorable claim for relief. Petitioner's claim is colorable if he has alleged specific facts that, if true, would entitle him to relief." *Tilcock v. Budge*, 538 F.3d 1138, 1145-46 (9th Cir. 2008), *cert. denied sub nom. Tilcock v. Donat*, 555 U.S. 1112 (2009) (citing *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005)).

In this case, petitioner has presented evidence that Juror No. 3 told others he believed petitioner was guilty long before the case was given to the jury for resolution.  While it is true, as respondent argues, that "'it is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote,'" ECF No. 110 at 5 (quoting *Smith v. Phillips*, 455 U.S. 209, 217 (1982)), that does not strip petitioner's claim of its color, because a juror who cannot or does not move beyond his initial impression is a partial juror. *See Irvin v. Dowd*, 366 U.S. 717, 723 (1961).

C. Section 2254(d)

Respondent argues this court is bound by the state court's legal determination that petitioner's constitutional rights were not violated because Juror No. 3 said he did not come to a final conclusion about petitioner's guilt until deliberations.  ECF No. 115 at 2-3.  However, the question of a juror's bias is a question of fact:  "The trial judge is of course applying some kind of legal standard to what he sees and hears, but his predominant function in determining juror bias involves credibility findings whose basis cannot easily be discerned from an appellate record. These are 'factual issues' that are subject to § 2254(d)." *Wainwright v. Witt*, 469 U.S. 412, 429 (1985); *see also Patton v. Yount*, 467 U.S. 1025, 1036 (1984) (rejecting the idea that the question of juror partiality is a mixed question of law and fact, saying "it is plainly one of historical fact: did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed"); *Rushen v. Spain*, 464 U.S. 114, 120 (1983) (noting that while the decision whether constitutional error was

/////

5

1  harmless is one of federal law, the question whether a seated juror's ex parte discussion with the
2  trial judge affected the juror's impartiality was a question of historical fact).[2]

3  Respondent then argues "the premise that a state court may not make an
4  evidentiary finding regarding conflicting evidence without holding a hearing is flatly wrong."
5  ECF No. 110 at 6.  He cites two cases, neither of which are pertinent.  In *McDaniel v. Brown*,
6  558 U.S. 120, 131 (2010), cited with a *"cf."* signal, the Court said only that a court evaluating a
7  sufficiency-of-evidence claim must consider all the evidence admitted by the trial court,
8  regardless of whether the evidence was admitted erroneously.  The other, *Sell v. United States*,
9  539 U.S. 166 (2003), considered whether the government could administer psychotropic
10 medication to render a mentally ill defendant competent to stand trial.  Respondent plucks some
11 quotations from the opinion suggesting that the fairness of the fact-finding proceeding is
12 essentially a legal question; one problem is that the pinpoint cite respondent provides does not
13 point to the quoted material.  The other problem is, of course, that this court is not relying on any
14 problems with the state's fact-finding process to invalidate petitioner's conviction, but rather to
15 determine whether an evidentiary hearing is appropriate.  Under Circuit authority, a hearing is
16 proper in these circumstances.  *Earp*, 431 F.3d at 1169.

17 D.  *Marshall*

18 In *Marshall,* the Supreme Court found the Ninth Circuit had erred in grafting its
19 circuit jurisprudence, about the denial of a request for the reappointment of counsel following a
20 defendant's decision to represent himself, onto the Supreme Court's discussion of the right of
21 self-representation.  133 S. Ct. at 1450.  As petitioner notes, this case deals only with
22 § 2254(d)(1), whereas this court found the evidentiary hearing appropriate under § 2254(d)(2).

23 Moreover, the argument that this court used circuit precedent "to refine or sharpen
24 a general principle of Supreme Court jurisprudence" is specious.  *Id.*  In *Irvin*, the Supreme Court
25 examined the question of  jury impartiality, considering whether a jury drawn from a community

---

[2] Although *Witt* and *Patton* dealt with the partiality of prospective jurors, *Rushen* concerned the partiality of a seated juror.   In both instances, the court found the question of partiality to be one of fact.

6

saturated by pretrial publicity could be impartial. 366 U.S. at 725. The court said that "[i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court," but observed that "the test is whether the nature and strength of the opinion formed are such as in law necessarily * * * raise the presumption of partiality." *Id*. at 723 (internal citation & quotation marks omitted; alteration in original). Quoting from *Reynolds v. United States*, the court affirmed that "'[t]he theory of the law is that a juror who has formed an opinion cannot be impartial.'" *Id*. at 722 (quoting *Reynolds*, 98 U.S. 145, 155 (1898)). While the Supreme Court has said a juror's initial partiality is not always disqualifying, it recognizes that if such partiality cannot be set aside or arose before deliberations, a criminal defendant's Sixth Amendment rights are violated. *See, e.g.*, *Smith v. Phillips*, 455 U.S. 209, 217 (1982).

IT IS THEREFORE ORDERED that:

1. Respondent's motion for reconsideration, ECF No. 110, is denied; and

2. Within twenty-one days of the date of this order, the parties shall file a joint statement identifying potential dates for the evidentiary hearing and estimated length of the proceeding.

DATED: October 11, 2013.

_____
UNITED STATES DISTRICT JUDGE